

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-23-00204-CV**

**IN THE INTEREST OF J.J.S., JR., K.W., AND R.G., CHILDREN**

_____

**From the County Court at Law**
**Hill County, Texas**
**Trial Court No. CV194-22CCL**

**MEMORANDUM OPINION**

J.J., the mother of J.J.S., Jr., K.W., and R.G., appeals from a judgment that terminated her parental rights to her children. *See* TEX. FAM. CODE § 161.001. Mother complains that the judgment was void because the trial court lost jurisdiction after the initial dismissal date for two reasons: first, because the parties agreed to the extension in violation of Section 263.402, and second, because the trial court did not make the required findings required by Section 263.401(b) of the Family Code. Alternatively, Mother complains that the trial court abused its discretion by not giving her the full six months of the extension to attempt to complete her service plan. Because we find no reversible

error, we affirm the judgment of the trial court.[1]

## IMPROPER EXTENSION OF THE DISMISSAL DATE

In her first issue, Mother complains that the trial court erred by granting an extension of the case because the extension was based on the agreement of the parties in contravention of Section 263.402 of the Family Code and because the trial court did not make a finding that extraordinary circumstances necessitated the extension and that it was in the best interest of the child for the extension to be granted. The Department argues that Mother did not raise either complaint to the trial court at the time the extension was granted and thus the complaints have been forfeited.

The initial dismissal date of this proceeding was May 8, 2023. At the first scheduled trial on May 4, 2023, the Department, the parents' attorneys, and the children's attorney ad litem expressed an agreement to extend the trial court's jurisdiction to conduct mediation because they believed that an agreement could be reached. The children's guardian ad litem did not agree with the extension. The trial court announced on the record that the final hearing was reset to June 15, 2023 so that the parties could attempt to resolve the proceeding in mediation, that the dismissal date was reset to October 30, 2023, and that otherwise the status quo would continue. The docket sheet reflects these dates as well. No other findings were made on the record or on the trial

---

[1] Mother does not challenge the sufficiency of the evidence to support the judgment, therefore, we will not address the evidence presented at trial in support of the judgment as it is not necessary for the disposition of this appeal. *See* TEX. R. APP. P. 47.1.

court's docket sheet entry. Mother agreed to the extension and did not object to the reset date on the record at that hearing.

The trial court conducted the final hearing on June 15, 2023. No written objection or motion for continuance of the June 15, 2023 date was filed and Mother's trial counsel announced ready to proceed at the beginning of the trial. At the conclusion of the trial, the trial court granted the Department's request to terminate Mother's parental rights and the parental rights of the fathers of the children.[2]

FAMILY CODE § 263.402

Section 263.402 of the Family Code states that "[t]he parties to a suit under this chapter may not extend the deadlines set by the court under this subchapter by agreement or otherwise." TEX. FAM. CODE § 263.402. Mother argues that the announcement of an agreement by the Department and her trial counsel to extend the deadline rendered the final judgment void. A judgment is void when it is apparent that the court rendering judgment lacked jurisdiction over the parties or subject matter, had no jurisdiction to enter the particular judgment, or had no capacity to act. *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020).

The docket sheet entries were made by the trial court, and the trial court orally extended the deadlines on the record, both of which reflect the court's decision to extend the relevant dates. We conclude the trial court, not the parties, extended the relevant

---

[2] None of the fathers appealed the judgment of the trial court.

deadlines, and the Department and the parents agreed with the decision to extend the deadlines. *See In the Interest of P.Z.F.*, 651 S.W.3d 147, 152 (Tex. App.—Dallas 2021, pet. denied).

FAMILY CODE § 263.401

Mother also complains that the trial court's judgment is void because the trial court failed to make findings that "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." TEX. FAM. CODE § 263.401(b). Mother argues that the suit could not be maintained in the absence of those findings, which are mandatory.

The Supreme Court of Texas recently addressed jurisdiction as it relates to the findings required for the trial court to grant an extension pursuant to Section 263.401. *See In re J.S.*, 670 S.W.3d 591 (Tex. 2023). The Court determined that the findings are mandatory and the failure to make the findings is erroneous, but the failure to expressly make the findings does not deprive the trial court of jurisdiction. *See In re J.S.*, 670 S.W.3d at 604. The Court ultimately held that the failure of the trial court to make the express findings, although erroneous, is subject to the traditional rules of procedural default, i.e., an objection must be made to the trial court in order to preserve error for purposes of appeal. *See In re J.S.*, 670 S.W.3d at 605. As such, the failure to object to the lack of the mandatory findings cannot be raised for the first time on appeal. *See id*. Mother did not

object to the lack of findings to the trial court and therefore, her complaint has not been preserved. *See* TEX. R. APP. P. 33.1(a). We overrule issue one.

## CONTINUANCE

In her second issue, Mother argues that if the extension was valid, the trial court erred by conducting the final hearing a month after the initial dismissal date, rather than giving her the full six months of the extension to attempt to complete her service plan. At the time the extension was made on May 4, 2023, the trial court reset the trial for June 15, 2023, even though the case was extended until October 30, 2023. Mother agreed with the Department's assertion that the extension was for the parties to attempt to resolve the case through mediation and did not object to the trial court setting the final hearing on the June date. Moreover, she did not file a motion for continuance of the final hearing prior to its commencement and announced "ready" at the start of the trial in June. During the questioning of the caseworker and Mother, there was testimony that Mother would like additional time to complete her service plan and in her argument her counsel requested that additional time be given to Mother to complete her service plan.

Whether the trial court grants or denies a motion for continuance is within its sound discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *In the Interest of J.P.-L.*, 592 S.W.3d 559, 575 (Tex. App.—Fort Worth 2019, pet. denied) (mem. op.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

A trial court generally does not abuse its discretion when it denies an oral motion for continuance. *See* TEX. R. CIV. P. 251 (stating that no continuance shall be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law"); *In re J.P.-L.*, 592 S.W.3d at 575. When a movant fails to comply with those requirements, "we presume the trial court did not abuse its discretion in denying the motion." *In re K.-A.B.M.*, 551 S.W.3d 275, 283 (Tex. App.—El Paso 2018, no pet.).

There was no written request for a continuance, and we will therefore presume that the trial court did not abuse its discretion by not continuing the proceedings based on Mother's testimony and the argument of her trial counsel. Mother does not cite to any authority, nor do we agree with the proposition that an extension of time granted in a proceeding would require the trial court to give a party that full amount of time prior to a trial court being able to proceed to a final judgment in a termination proceeding. The trial court did not abuse its discretion in not giving Mother additional time to work on her service plan in this proceeding. We overrule issue two.

CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed November 30, 2023
[CV06]

